ROBERT S. BREWER, JR.
United States Attorney
OLEKSANDRA Y. JOHNSON
Assistant U.S. Attorney
California Bar No. 265442
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-9769
Email: Oleksandra.Johnson@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RAUL GONZALEZ-ARMENTA, <br><br> Defendant. | Case No. 18-CR-5496-GPC <br><br> **UNITED STATES' TRIAL MEMORANDUM** <br><br> Bench Trial: September 11, 2019 <br> Time: 1:00 P.M. <br> Courtroom: 2D <br><br> The Honorable Gonzalo P. Curiel |

The United States of America, by and through its counsel, Robert S. Brewer, Jr., United States Attorney, and Oleksandra Y. Johnson, Assistant United States Attorney, hereby submits its Trial Memorandum.

//
//
//
//
//
//

# I.
# STATEMENT OF THE CASE

### A.  The Indictment

Defendant Raul Gonzalez-Armenta is charged in count two of the Indictment with knowingly and intentionally entering the United States at a time and place other than as designated by immigration officers, in violation of 8 U.S.C. § 1325(a)(1).[1]

### B.  Trial Status

A bench trial is set for September 11, 2019, at 1:00 p.m., before the Honorable Gonzalo P. Curiel.  The Government anticipates completing its case-in-chief the same day.

### C.  Status of Counsel

Chandra Peterson, Federal Defenders of San Diego, Inc., represents the Defendant.

### D.  Custody Status

Defendant is in custody.

### E.  Interpreter

The United States will not require an interpreter for any of its witnesses.  Defendant has not requested a Spanish interpreter during the pendency of this case.

### F.  Jury

The charged offense is a Class B misdemeanor, and the parties will try the case to the bench.

### G.  Pretrial Motions

On December 28, 2018, the United States filed its Motions for Fingerprint Exemplars, Reciprocal Discovery, Admission of Expert Testimony, Admission of 404(b)/609 Evidence, and For Leave to File Further Motions. [ECF No. 9].  On March 6, 2019, Defendant filed a Motion to Compel Discovery, Preserve Evidence, and for Leave to File Further Motions

---

[1] Defendant was initially charged in a two-count Indictment with felony attempted reentry of removed alien, 8 U.S.C. § 1326 (a) and (b), and misdemeanor unlawful entry by an alien, 8 U.C.S. § 1325. [ECF No. 1.]  On June 6, 2019, the Court dismissed the felony count of the Indictment. [Mins., ECF No. 21].

[ECF No. 13.]  On August 9, 2019, Defendant filed his Supplemental Motion to Dismiss Indictment [ECF No. 23], which the United States opposed [ECF No. 28].  On August 13, 2019, Defendant filed a Supplemental Motion to Compel Discovery [ECF No. 26], which the government opposed [ECF No. 30].

To date, the parties have not filed any motions *in limine*.

**H.     Stipulations**

The parties have not negotiated any stipulations.

**I.     Discovery**

The Government has complied with its discovery obligations.  The United States has produced 295 pages and several discs in discovery.  To date, defendant has not provided reciprocal discovery.

## II.

## STATEMENT OF FACTS

On September 23, 2018, Border Patrol Agent J. Wemhoener was performing assigned duties in the El Cajon Border Patrol Station's area of responsibility.  At approximately 9:37 p.m., Agent Wemhoener responded to an area known to Border Patrol agents as "The Cemetery Dip" to investigate shoe prints heading north from the United States/Mexico International Boundary.  Agent Wemhoener drove his marked Border Patrol vehicle to the area, parked, and proceeded to search on foot.  Using a flashlight, the agent walked through unpaved rocky terrain and brush.  After a brief search, Agent Wemhoener encountered two subjects hiding in the brush.  This area is approximately 1.1 miles east of the Tecate, California Port of Entry and approximately 150 yards north of the United States/Mexico International Boundary.

Agent Wemhoener approached the two subjects, identified himself as a Border Patrol agent, and conducted an immigration inspection.  Both subjects, including one later identified as the Defendant, Raul Gonzalez-Armenta, stated they are citizens of Mexico not in possession of immigration documents allowing them to enter or remain in the United

States legally. At approximately 9:47 p.m., Agent Wemhoener placed both individuals, including the Defendant, under arrest.

The Defendant was advised of his *Miranda* rights by Border Patrol Agent R. Brown and elected to answer questions without an attorney present. Defendant stated that he was born in Guerrero, Mexico, and is a citizen of Mexico. He admitted that he entered the United States illegally on September 23, 2018. He told Agent Brown that he "jumped" with another individual. The defendant admitted that he had been previously deported from the United States "at least three or four times" and has not applied or requested permission to re-enter the United States legally.

## III.
## WITNESSES

The Government presently intends to call the following witnesses during its case-in-chief:

1. Border Patrol Agent John Wemhoener-Cuite (apprehension and field statement);
2. Border Patrol Agent Robert C. Brown (post-*Miranda* statement);
3. HSI Special Agent Vinzenzo Zoni (TECS).

The Government reserves the right to add, omit, substitute, or change the order of witnesses.

## IV.
## EXHIBITS

The Government presently intends to offer into evidence, or use as exhibits, the following:

1. Satellite-perspective map of the area of apprehension;
2. Video recording of Defendant's post-arrest statement;
3. Transcript of Defendant's post-arrest statement.

The Government will provide a final exhibit list on the day of trial, and reserves the right to add or remove exhibits.

//

# V.
# APPLICABLE LAW

### A.   Elements of the Offense

To prove a violation of 8 U.S.C. § 1325(a)(1), the Government must prove the following two elements beyond a reasonable doubt:

1.   Defendant was not a citizen of the United States at the time of the offense; and
2.   Defendant knowingly and voluntarily entered the United States at a time or place other than as designated by immigration officers.

In this case when deciding whether the defendant is guilty or not guilty of the crime of illegal entry into the United States, the government must prove beyond a reasonable doubt that the defendant was not under constant official restraint when he entered the United States. If the defendant was under constant official restraint, he cannot be found guilty of being found in the United States. "Under constant official restraint" means the defendant was under constant, continuous observation by a United States officer, either directly or by camera surveillance, from the moment he first crossed the border and entered the territory of the United States up until the time of his apprehension. If the individual was first observed after he had physically crossed the border of the United States, then he is not under constant official restraint. *See* Ninth Circuit Manual Model Crim. Ins. 9.8.

The Ninth Circuit "interpret[s] the phrase a 'place other than as designated by immigration officers' in § 1325(a)(1) as referring to any place other than immigration facilities at designated ports of entry, as contemplated by [8 C.F.R.] § 235.1(a)." *United States v. Aldana*, 878 F.3d 877, 882 (9th Cir. 2017), cert. denied, 139 S. Ct. 157, 202 L. Ed. 2d 96 (2018).

### B.   Evidence Concerning Immigration Relief or Duress

The Government anticipates that Defendants may seek to elicit evidence of his pursuit of immigration relief to excuse or explain his conduct; the Government did not move *in limine* to exclude this evidence (as this is a bench trial), but notes that such evidence is not

relevant as a defense to the Section 1325(a)(1) offense charged.[2]  The defendant was not charged with an "attempted entry" offense so his intent (or not) to seek out official restraint is irrelevant.  In general, a criminal trial "is not the proper forum to argue a case for political [immigration relief]."  *United States v. Polanco-Gomez*, 841 F.2d 235, 238 (8th Cir. 1988) (holding that a duress defense based on requested immigration relief was improper in a prosecution for violating 8 U.S.C. § 1326).  Indeed, this Court has recently recognized that "Congress chose not to grant immunity to [relief] seekers who face criminal prosecution under 8 U.S.C. § 1325(a)(2)."  *United States v. Ramirez-Ortiz*, 19-CR-300-BTM, 2019 WL 950332, at *2 (S.D. Cal. Feb. 27, 2019).  Moreover, the Government notes that if offered, some aspects of that evidence could support a finding of guilt, as it could establish Defendant's motive in crossing into the United States.

Even if any such evidence is offered as couched in traditional affirmative defenses of necessity or duress, it will not suffice.  To pursue a necessity defense in an immigration-offense trial, a defendant must show "(1) that he was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relation between his conduct and the harm to be avoided; and (4) that there were no other legal alternatives to violating the law."  *United States v. Arellano-Rivera*, 244 F.3d 1119, 1125-26 (9th Cir. 2001) (identifying these factors for a Section 1326 case).  These factors are considered under an objective standard, *United States v. Perdomo-Espana*, 522 F.3d 983, 987 (9th Cir. 2008), and a defendant cannot satisfy them when he has the ability to apply for permission to enter the United States, *see Arellano-Rivera*, 244 F.3d at 1126.

Similarly, Defendant will not be able to make out a duress defense.  To pursue this defense, a defendant must establish "(1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) lack of a reasonable opportunity to escape the threatened harm."  *United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008) (internal citation and quotation omitted).  The duress

---

[2] The Government does not identify any particular form of relief that Defendant could be pursuing, *see* 8 C.F.R. § 208.6, but anticipates that the Court is familiar with them.

"must be immediate and of such nature as to induce a well-grounded apprehension of death or serious bodily injury if the act is not done." *Id.* (internal citation and quotation omitted). And to establish immediacy, the defendant must show that the threat was "present, immediate, or impending." *See id.* Under this framework, the Ninth Circuit has rejected the defense for a defendant who lacked evidence of "a figurative gun to his head compelling his illegal entry." *Id.* at 803. So too here, Defendants will not be able to show that they faced an immediate threat (or that they lacked a reasonable opportunity to escape a threatened harm).

## VI.
## VOIR DIRE AND INSTRUCTIONS

There is no need for proposed *voir dire* questions. The United States has set out the elements of the offense above.

Date: September 10, 2019              Respectfully Submitted,

                                      ROBERT S. BREWER, JR.
                                      United States Attorney

                                      */s/ Oleksandra Y. Johnson*
                                      OLEKSANDRA Y. JOHNSON
                                      Assistant United States Attorney